INHABITANTS OF NORTH BERWICK

*vs.*

NORTH BERWICK WATER COMPANY.

York.    Opinion October 8, 1926.

*In the case of a renewal of a contract fixing rates for the public service of a water company, where the parties fail to agree upon terms of renewal which meet the approval of the Public Utilities Commission, the authority of the Commission must supersede the provision for arbitration.    Upon such failure either party may make application to that tribunal.*

In the instant case the contract of June 13, 1896 was a valid contract.    It was reasonable and fair, and for a reasonable length of time.    It contained a reasonable working agreement for the protection of the village of North Berwick after the expiration of the term, pending a new agreement or arbitration.

The Act of 1913 establishing the Public Utilities Commission did not affect the validity of that contract, or any rates fixed therein; they remained valid and binding until the Commission should find them to be unjust, unreasonable or insufficient.

The rates for public service were fixed by that contract and were published as required by the Act.    No change has been made in the rates and charges for the public service so published.    They were, therfore, the lawful rates· and charges in force during the municipal year of 1923, and continue to be the lawful rates and charges until changed.

By the Act of 1913 any agreement of the parties for an extension of the contract for public service became subject to the approval of the Commission.

In making a determination of reasonable rates for service, taxes to which the defendant is subject are to be considered as a part of its operating expenses, and are not to be regarded in part as a measure of such rates.

On report.    An action of debt to recover the sum of $420 as taxes assessed by plaintiff against defendant for the year of 1923 on its plant, pipe line and tank.    The general issue was pleaded and under a brief statement defendant claimed that the tax was offset and paid by hydrant service and water furnished plaintiffs by the defendant in accordance with the terms of a contract between them dated June

13, 1896.   Under an agreed statement the cause was reported to the Law Court.   Judgment for the defendant.

The case fully appears in the opinion.

*E. P. Spinney,* for the plaintiffs.

*Sherman I. Gould,* for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ. MORRILL, A. R. J.

MORRILL, A. R. J.   The plaintiff seeks to recover the sum of $420 assessed as taxes for the year 1923 upon the "plant and pipe lines and tanks" of the defendant, with interest from and after October 1, 1923.   The defendant does not question the regularity of the proceedings in the assessment of the tax, but pleads by brief statement under the general issue that said sum has been fully offset and paid by hydrant service and water furnished therefor, and for schoolhouses and public drinking fountains in accordance with the terms of a contract between the parties dated June 13, 1896.   The case is presented upon an agreed statement of facts, from which we abstract the following:

The North Berwick Water Company was incorporated by Chapter 186 of the Private and Special Laws of 1895 for the purpose of supplying the inhabitants of North Berwick with pure water for industrial, manufacturing, domestic, sanitary and municipal purposes, including the extinguishment of fires; it was authorized to make contracts for supplying water as contemplated by the act, and the plaintiff was authorized to contract by its selectmen with said company for a supply of water for any and all purposes mentioned in the act, and for such exemption from public burden as might be agreed upon; which contract, when made, was declared to be legal and binding upon the parties thereto.

The defendant constructed its water system during the season of 1896, and entered into the contract relied upon in defense, dated June 13, 1896, wherein the defendant agreed to furnish, set and maintain twenty hydrants, and such additional hydrants as the town from time to time might desire and authorize, and to furnish water for the same; the defendant also agreed to furnish water at the mains for the use of all schoolhouses along the line of pipe, or that might

thereafter be built along the line of pipe or any extension thereof, and to furnish two drinking fountains for man and beast to be located by the committee of the town, and to furnish water for the same and to keep said fountains in repair.   The term of the contract was twenty years from the completion of the water system, and expired some-time in 1916.   The plaintiff agreed to pay the sum of $1,000 a year during said twenty years for the use of said twenty hydrants, and $45 a year for each additional hydrant, and for water for the same and for the schoolhouses and drinking fountains, "and such further sum each year as shall equal the amount of taxes, if any, assessed against said company (the defendant) its successors and assigns by said town of North Berwick."

The contract also provided that at any time after the expiration of twenty years from the date of the contract the town had the privilege of purchasing the water system, and all corporate rights and privileges connected therewith, at such price as might be agreed upon, and in case of disagreement, at a price to be determined by appraisers to be appointed by the Chief Justice of this court.   It was further agreed that if upon the termination of the contract  no purchase and sale of the Water Works as provided had been made, "all the covenants, stipulations and agreements as hereinbefore enumerated and written shall continue binding and obligatory upon the parties hereto or their assigns, until a complete and final adjustment be reached either by mutual agreement or by reference to a board of arbitration" to be appointed by the Chief Justice of this court on the application of either party.

The plaintiff contends that the last paragraph above quoted was abrogated by the laws governing public utilities and the powers vested in the Public Utilities Commission created since the contract was made.   This contention, stated thus broadly, is untenable in view of the conclusions of this court in a number of well considered cases.   *Belfast* v. *Belfast Water Company,* 115 Maine, 234, 245.   In re *Searsport Water Company,* and In re *Lincoln Water Company,* 118 Maine, 382, 392, where it is said:

"We do not think that either the Act itself, or Sec. 16 of Chap. 55 prohibiting unjust and unreasonable rates, affects the validity of any existing contract.   All such contracts remain valid, binding obligations unaffected in their terms until the Utilities Commission has

found that the rates contained therein are 'unjust, unreasonable or insufficient,' when just and reasonable rates may then be substituted therefor."

The plaintiff further contends that the paragraph has no reference to the covenant on the part of the town to pay for the public service rendered, in addition to the yearly cash payment, such further sum each year as shall equal the amount of taxes, if any, assessed against the defendant by the town of North Berwick, which provision it contends was limited to twenty years.

We think it clear that said paragraph was intended to extend beyond the term of twenty years from the completion of the water system all the covenants of the contract, in case a sale had not been made, until new terms could be reached—the covenants to render the service, and the covenant to pay therefor, the former for the benefit of the town, the latter for the benefit of the company.

The contract was reasonable and fair, and for a reasonable length of time. It contained a reasonable provision for its renewal, in case a sale to the town was not made, and a reasonable working agreement for the protection of the inhabitants of the village of North Berwick, pending a new agreement or arbitration. It would have been most unfortunate that the public service for protection against fire, for schoolhouses, and drinking fountains for man and beast, should be in danger of discontinuance at the expiration of the term, upon failure of the parties to agree upon a sale or upon terms of a renewal. The contract was therefore valid. *Maine Water Co.* v. *Waterville,* 93 Maine, 586, 595.

The case shows that from the completion of the water system in 1896 to the present time the defendant has maintained the hydrants, and has furnished water therefor and for the schoolhouses and drinking fountains, and maintained the latter, and that the town has met the cash payments, fixed in the contract, to the present time. Those rates have not been changed since the contract was made, and no tax was assessed on the property of the Water Company by the town of North Berwick prior to 1923; such tax has since been assessed each year. The town and the water company did therefore for six years mutually construe the paragraph in question in accord with the construction which we now place upon it.

By the Act of 1913 establishing the Public Utilities Commission (Chapter 129), any agreement of the parties for an extension of the

contract for public service became subject to the approval of the commission. R. S., 1916, Chap. 55, Sec. 34. By that act exclusive jurisdiction, subject to a limited review, was conferred upon the commission over all service rendered, and the rates charged therefor, by public utilities. We hold that in case of a failure of the parties to agree upon terms of renewal the authority of the Utilities Commission must supersede the provision for arbitration. The tribunal created by law takes the place of the tribunal which the parties have agreed may be created upon their application, but which is not in existence.

It is conceded that the defendant filed with the commission schedules, showing all rates, tolls and charges in force when the Act went into effect, and a copy of the contract of June 13, 1896, in accordance with Public Laws of 1913, Chapter 129, Sections 19 and 20, (R. S., 1916, Chap. 55, Sec. 25). The rates, tolls and charges for private service were not fixed by the contract; the rates for the public service alone were so fixed, and the furnishing of the public service at the rates and upon the terms and conditions provided in the contract "is not to be construed" as constituting discrimination, or undue or unreasonable preference or advantage. Public Laws, 1913, Chap. 129, Sec. 32, (R. S., 1916, Chap. 55, Sec. 34). No change has been made in the rates and charges for the public service so published. They were therefore the lawful rates and charges in force during the municipal year 1923, and continue to be the lawful rates and charges until changed. R. S., Chap. 55, Sec. 30. In re *Searsport Water Co.*, supra. If the parties fail to come to an agreement which meets the approval of the Utilities Commission, either may make application to that tribunal as indicated in the case last cited.

It is to be noted that the covenant of the town to pay for the hydrant service, the water for schoolhouses and two drinking fountains, and for the maintenance of the latter, is an entirety, and is not susceptible of severance into two covenants, one, to pay a cash compensation for the hydrant service, and another, to pay a sum equal to taxes assessed, for the schoolhouse and drinking fountain service.

It is clear that the town ought not to receive the entire service contemplated by the contract, and refuse to pay the full compensation agreed upon. In any proceeding before the commission to determine rates for the public service, the entire public service, and it may be the income from the service to private consumers as well, must be considered. In making such determination taxes to which the

defendant is subject are to be considered as part of its operating expenses in determining reasonable rates, and are not to be regarded in part as a measure of such rates. In re *Caribou Water, Light and Power Company*, 121 Maine, 426, 431. This procedure was not observed in the proceeding before the commission in 1925 upon complaint of the defendant, made part of the case.

*Judgment for the defendant.*